Brianne C. McClafferty
HOLLAND & HART LLP
401 N. 31st Street, Suite 1500
Billings, MT  59101
Telephone:  406.252.2166
Facsimile:  406.545.2266
Email:  bcmcclafferty@hollandhart.com

Bradley T. Cave (*pending pro hac vice*)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: 307.778.4200
Facsimile: 307.778.8175
Email:  bcave@hollandhart.com

ATTORNEYS FOR DEFENDANTS MOUNTAIN WEST
FARM BUREAU MUTUAL INSURANCE COMPANY
AND WESTERN FARM BUREAU SERVICE COMPANY, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIELLE SCHULZ,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, WESTERN FARM BUREAU SERVICE COMPANY, INC., FARM BUREAU LIFE INSURANCE COMPANY, a subsidiary of FBL FINANCIAL GROUP, INC., ABC Corporations 1-5, and JOHN DOES 1-5,<br><br>Defendants. | Cause No. 9:20-cv-00088-DLC<br><br>**DEFENDANTS' MOUNTAIN WEST FARM BUREAU MUTUAL COMPANY'S AND WESTERN FARM BUREAU SERVICE COMPANY'S BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT III, COUNT VI, AND COUNT VII** |

Defendants Mountain West Farm Bureau Mutual Insurance Company and Western Farm Bureau Service Company, Inc., by and through their counsel of record, Holland & Hart LLP, hereby file this brief in support of their motion to dismiss Count III, Count VI and Count VII of Plaintiff's Complaint.

## I.   INTRODUCTION

The Court should dismiss Count III, Count VI and Count VII of the Complaint in this matter as pled against Mountain West Farm Bureau Insurance Company ("Mountain West") and Western Farm Bureau Service Company ("Western Farm"). These counts fail to state a claim upon which the Court can grant relief. Count III states no cognizable legal theory and thus must be dismissed as a matter of law. Schulz's causes of action for fraud (Counts VI and VII) fail to plead with particularity required elements of constructive and actual fraud. These Counts fail to meet the applicable pleading standards warranting dismissal.

## II.   RELEVANT ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Schulz entered into an Agent Agreement with Mountain West for the purpose of soliciting applications for Mountain West insurance policies and contracts and to provide quality service to Mountain West policyholders. Compl. ¶¶ 17, 19. Schulz acted as an agent for Mountain West for approximately 14 years. Compl. ¶ 17. When Schulz failed to provide quality service to Mountain West's policyholders, Mountain West terminated the Agency Agreement in accordance

with the agreement's terms on September 12, 2019. *See* Compl. ¶ 38. This suit followed.

Schulz filed a Complaint against Mountain West, Western Farm, Farm Bureau Life Insurance Company and FBL Financial Group, Inc. Schulz alleges causes of action for breach of contract, breach of covenant of good faith and fair dealing, "violation of MT Department of Labor rules for independent contractors," wrongful discharge and constructive and actual fraud. The gravamen of Schulz's complaint is that Mountain West had no right to terminate the Agent Agreement based on its dissatisfaction with Schulz's performance of the agreement, and therefore breached the Agent Agreement when it terminated it.[1] Schulz alternatively contends that she was treated as an employee rather than an independent contractor, was wrongfully discharged as an employee, and that Defendants committed fraud by creating some unidentified "false impression" with respect to Schulz's employment. Compl. ¶¶ 72, 80.

Mountain West and Western Farm move to dismiss Plaintiff's causes of action for violation of Montana Department of Labor rules for independent contractors (Count III); constructive fraud (Count VI); and actual fraud (Count VII).

---

[1] Against Western Farm, Schulz alleges only that it also had a contractual relationship with Schulz, which was terminated when Mountain West terminated the Agent Agreement with Ms. Schulz. Compl. ¶¶ 37-38.

### III. <u>ARGUMENT</u>

A party may move for dismissal of a claim where the allegations contained in the Complaint fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge, the Court accepts all factual allegations of the complaint as true, and views the pleading in the light most favorable to the nonmoving party, but the Court need not "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *PNC Bank, Nat'l Ass'n v. Wilson*, No. CV 14-80-BU-DWM-JCL, 2015 WL 3887602, at *3 (D. Mont. June 23, 2015).

The Court's standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft*, 556 U.S. at 678. To meet the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A heightened pleading standard applies to fraud claims. A claim of fraud "must state with particularity the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b). The particularity standard applies to state-law causes of action, as well as federal causes of action. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). To satisfy the particularity standard a pleading must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Id*. (determining plaintiff's fraud allegations did not satisfy Rule 9(b) because they failed to identify *when* defendants made representations purported to be false).

Applying the above standards, Schulz's Counts III, VI, and VII must be dismissed. As a matter of law, Count III does not stated a cognizable legal theory. No private cause of action exists for "violation of MT Department of Labor rules for independent contractors." Schulz also cites to § 39-2-303, MCA, as a basis for Count III, but the citation's purpose is entirely unclear because Schulz alleges no facts that support a cause of action under that statute. Schulz also has failed to plead with particularity her claims for constructive and actual fraud. Defendants are left guessing as to what conduct Schulz alleges was fraudulent. Also, Schulz

omits allegations of required elements of constructive and actual fraud. Specifically, Schulz makes no allegation that (1) Mountain West or Western Farm knew that its representation was false at the time it was made; (2) Schulz relied on such representation; and (3) Schulz's reliance on such representation caused her damages. Dismissal of Counts III, VI and VII is warranted.

**A.     As a matter of law, Schulz cannot state a private cause of action for "violation of MT Department of Labor rules for independent contractors."**

Plaintiff's Count III fails to state a legally cognizable private cause of action and therefore must be dismissed. *SmileCare Dental Grp.*, 88 F.3d at 783. Count III is labeled "violation of MT Department of Labor rules for independent contractors." Schulz asserts that "Defendants have not met the criteria to classify [her] as an Independent Contractor under the laws and statutes of the State of Montana." Compl. ¶ 45. However, those rules do not create a private cause of action exists for an individual who alleges she was classified improperly as an independent contractor. As such, Schulz's Count III, must be dismissed for failure to state a claim upon which this Court can grant relief to Schulz.

Schulz cites to § 39-1-104, MCA as the basis for her "violation of MT Department of Labor rules" claim. That provision grants the Montana Department of Labor and Industry authority to enforce the Fair Labor Standards Act. It affords no private cause of action. It provides:

6

> The *department* may and is hereby authorized to assist and cooperate with the wage and hour division and the children's bureau, U.S. department of labor, in the enforcement within this state of the Fair Labor Standards Act of 1938 . . . and . . . may be reimbursed . . . for the reasonable cost of such assistance and cooperation.

§ 39-1-104, MCA (emphasis added). Nothing in § 39-1-104, MCA creates a claim for reclassification as an employee instead of an independent contractor.

Likewise, the Montana Department of Labor regulations, found at ARM 24.35.101 to ARM 24.35.301, provide no basis for a private cause of action against Defendants. Rather, these rules address the Department's authority for determining employment status for purposes of determining whether a person meets the criteria to be exempt from the provisions of the Workers' Compensation Act. Specifically, the rules address the process in which an applicant seeks an Independent Contractor Exemption Certificate. ARM 24.35.111 to ARM 24.35.121. The Independent Contractor Exemption Certificate is a certificate issued by the Department which signifies that a person is exempt from the provisions of the Workers' Compensation Act. ARM 24.35.101(7). The Department's decisions may impact a party's liability in matters related to "unemployment insurance, the Uninsured Employer's Fund, wage and hour issues, human rights and state income tax withholding." ARM 24.35.205. However, there is no mechanism for an individual who alleges she is misclassified to seek damages in district court, and the regulations do not purport to create a private right of

action. Because Schulz can state no cognizable legal theory for violating of the Department of Labor's rules regarding the status of employees for purposes of determining worker's compensation exemption, Count III must be dismissed for failure to state a claim.

**B.     Plaintiff has failed to state a cause of action under Section 39-2-303, MCA.**

Schulz cites to § 39-2-303, MCA in the Count III heading of the Complaint but includes no factual allegations regarding a claim under that statute. Section 39-2-303 creates a private cause of action for individuals deceived into "chang[ing] from one place to another in this state" based on misrepresentations or falsities regarding promised working conditions:

> A person or entity doing business in this state may not induce, influence, persuade, or engage workers to change from one place to another in this state through or by means of deception, misrepresentation, or false advertising concerning the kind or character of the work . . . or other conditions of employment. . . .

This Court has made clear that this statute applies to a narrow set of circumstances: intra-state moves. *Bentley v. ConocoPhillips Pipeline Co.*, CV 09-01-M-DWM, 2010 WL 1981324, at *6 (D. Mont. May 14, 2010). "The statutes prevent Montana businesses from inducing workers to change locations for work based on false promises." *Id.*

Despite citing this statute, Schulz makes no allegation that: (1) she was working at some place in the state other than Missoula prior to becoming a Mountain West agent, (2) the Defendants used deception or misrepresentations to persuade her to leave employment and move to Missoula to become a Mountain West agent; (3) that she relied upon Defendants' misrepresentations in changing her location to work as a Mountain West agent; or (4) that she sustained damages as a result of being induced to become a Mountain West agent in Missoula, Montana. Without such factual allegations, Schulz cannot state a claim under § 39-2-303, MCA. As such, Schulz's Count III, to the extent it attempts to state a claim under § 39-2-303, MCA should be dismissed.

**C.      Schulz has failed to state a claim for constructive fraud or actual fraud.**

Schulz has failed to state a claim for either actual or constructive fraud. As discussed above, there is a heightened pleading standard for causes of action based on fraud, which requires the pleading party to "state with particularity the circumstances constituting fraud. . . ." Schulz's Complaint fails to meet either the pleading standard set forth in Fed. R. Civ. P. 8(a)(2) or Fed. R. Civ. P. 9(b).

First, the Complaint does not identify the "who, what, when, where and how" of the alleged fraudulent conduct, nor does it attempt to explain what is false or misleading about the purportedly fraudulent statement. As such, the Complaint falls short of meeting the Rule 9(b) standard. Second, the Complaint does not even

meet the Rule 8 pleading standard because it fails to allege factual content to make a *prima facie* showing of required elements of actual or constructive fraud. Schulz's deficient pleading warrants dismissal.

### 1. Schulz fails to plead with particularity causes of action for actual and constructive fraud.

Schulz fails to plead with particularity the fraudulent representation allegedly made by Mountain West or Western Farm. Schulz pleads that "Defendants . . . owed a duty to disclose to Plaintiff all material facts relating to the conditions of her contractual employment including that she would be treated as an employee and not an independent Agent." Complaint, ¶¶ 71, 79. Schulz also, in conclusory fashion, pleads that "Defendants . . . by their words and conduct, created false impressions and failed to disclose material facts relating to their refusal to uphold their contracts as written." Complaint, ¶ 72, 80.

The reason for the heightened pleading standard in Fed. R. Civ. P. 9(b) is to prevent defendants from having to guess what conduct the plaintiff alleges is fraudulent. *Becerra v. Dr. Pepper/Seven Up., Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) ("allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged.") (internal quotations omitted). Schulz does not identify what words or conduct Defendants purportedly used to create a false impression. Schulz does not identify what false impression Defendants purportedly created. Schulz does not identify

what material facts Defendants failed to disclose. And, Schulz does not identify how Defendants knew their purported representations were false. Schulz does not even differentiate any conduct of the multiple Defendants, lumping them all together in general conclusory allegations. See *Swartz v KPMG, LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (where multiple defendants are involved, Rule 9(b) requires plaintiff to present sufficient allegations against each defendant separately which differentiate the conduct of each defendant).

    Schulz merely references the parties' contracts and asserts that Defendants failed to uphold them as written. Failing to comply[2] with the terms of a contract is not fraud. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (recognizing that allegations may constitute a breach of contract without rising to level of fraud); *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) (recognizing common principle that failure to honor one's promise is "just" a breach of contract but making a promise that one intends not to keep is fraud). Schulz must do much more to state a claim for fraud. *Salameh*, 726 F.3d at 1133 (plaintiff's fraud claim was not particularly pled because it did not allege when the purportedly false representation was made); *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019), cert.

---

[2] Mountain West and Western Farm deny any failure to comply with the terms of the Agent Agreement.

denied, 140 S. Ct. 223 (2019) (plaintiff's fraud claim was not particularly plead when it vaguely alleged defendants made misrepresentations in the course of marketing insurance plans without further detail); *McCaul v. First Mont. Bank, Inc.*, No. CV 17-41-BU-BMM-JCL, 2018 WL 6717098, at *9 (D. Mont. Oct. 29, 2018) (allegations of defendant's representations did not satisfy Rule 9(b) because they did not state with particularity the circumstances constituting fraud, specifically why statement was false or how defendant knew it was false). Schulz's actual and constructive fraud claims should be dismissed because they are not pled with particularity, as is required by Rule 9(b).

    **2.**    **Schulz pleads no factual allegations to state factual allegations of required elements of constructive and actual fraud.**

To establish a *prima facie* case of actual fraud under § 39-2-904, MCA, the party asserting the claim must establish the following nine elements: (1) a representation; (2) the falsity of that representation; (3) the materiality of the representation; (4) the speaker's knowledge of the representation's falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the representation's falsity; (7) the hearer's reliance upon the truth of the representation; (8) the hearer's right to rely upon the representation; and (9) the hearer's consequent and proximate injury or damages caused by their reliance on the representation. *In re Estate of Kindsfather*, 2005 MT 51, ¶ 17, 326

12

Mont. 192, 108 P.3d 487.  A claim for constructive fraud under § 28-2-406, MCA, requires elements similar to actual fraud except that the plaintiff need not prove the element relating to intent to deceive or dishonesty of purpose.  *Krohne Fund, LP v. Simonsen*, CV-12-04-BLG-SEH, 2017 WL 3105839, at *2 (D. Mont. July 20, 2017) (citing *Town of Geraldine v. Mont. Mun. Ins. Auth.*, 2008 MT 411, 347 Mont. 267, 198 P.3d 796, 801); *Mont. Merch., Inc. v. Dave's Killer Bread, Inc.*, No. CV 17-26-GF-BMM, 2017 WL 2536363, at *2 (D. Mont. June 9, 2017); *Bertelsen v. CitiMortgage, Inc.*, CV 16-2-BU-JCL, 2017 WL 1368289, at *6-7 (D. Mont. Apr. 7, 2017), aff'd, 743 Fed. Appx. 128 (9th Cir. 2018) (unpublished). Thus, to withstand a motion to dismiss on the constructive or actual fraud claims against Mountain West and Western Farm, Schulz was required to allege facts sufficient to establish it is plausible that: (1) Mountain West and Western Farm knew representations it made to her were false; (2) that she relied upon those representations; and (3) that her reliance on those representations caused her damages.

The Complaint makes no factual allegations to allow the court to draw a reasonable inference that any of the above three elements are present.  Schulz alleges that she entered into an Agent Agreement for employment as an independent contractor with Mountain West 14 years ago.  Compl. ¶ 17.  Schulz seemingly alleges that representations in the Agent Agreement created false

13

impressions,[3] but she does not allege that Mountain West or Western Farm knew the representations in the Agent Agreement were false when the parties entered into the Agent Agreement over a decade ago. The gravamen of the Complaint appears to be that Mountain West violated the Agent Agreement by terminating it, not that Mountain West made false statements in the agreement. If Schulz claims that the Agent Agreement created a false impression and therefore constitutes fraud, she also must plead facts which, when taken as true, establish that Mountain West and Western Farm knew the representation in the Agent Agreement were false when the parties entered the agreement. Without doing so, Schulz cannot state a claim for fraud, and her claim is more akin to a breach of contract cause of action. Mountain West's and Western Farm's knowledge that the representation was false is a required element of actual and constructive fraud. The omission of *any* allegations related to that element warrants dismissal of the fraud claims.

Also absent from the Complaint is any allegation that Schulz justifiably relied upon a false statement or that the reliance caused her damage. Both are required elements of actual and constructive fraud. Schulz does not allege that Defendants' alleged false impressions induced her to take some action. In fact, the central factual allegation of Schulz's complaint is that Mountain West acted to

---

[3] Because Schulz has failed to state her fraud claims with particularity, Mountain West and Western Farm speculate to reach this conclusion.

14

wrongly terminate her Agent Agreement which caused her damages. Compl. ¶¶ 27-31. She does not allege any damages caused by reliance on some unspecified representation by Mountain West or Western Farm made many years earlier. Without such an allegation, Schulz's causes of action for fraud and constructive fraud must be dismissed for failure to state a claim upon which this Court may grant relief.

## IV. CONCLUSION

For the foregoing reasons, Count III, Count VI and Count VII of the Complaint must be dismissed against Mountain West and Western Farm. Schulz has no valid legal theory for a private cause of action against Mountain West or Western Farm for violation of independent contractor rules. Although referencing § 39-2-303, MCA in the Complaint, Schulz has failed to state any facts that would support a claim under said statute. Finally, Schulz's constructive and actual fraud claims fail because they are not stated with particularity and they wholly fail to make any allegations of required elements of constructive or actual fraud.

Respectfully submitted this 19th day of June 2020.

*/s/ Brianne C. McClafferty*
Brianne C. McClafferty
Holland & Hart LLP

ATTORNEYS FOR DEFENDANTS
MOUNTAIN WEST FARM BUREAU
MUTUAL INSURANCE COMPANY
AND WESTERN FARM BUREAU
SERVICE COMPANY

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that Defendants' Brief in Support of Motion to Dismiss complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 3,319 words, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

/s/ Brianne C. McClafferty

14824682_v2