IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIELLE SCHULZ,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, WESTERN FARM BUREAU SERVICE COMPANY, INC., FARM BUREAU LIFE INSURANCE COMPANY, a subsidiary of FBL FINANCIAL GROUP, INC., ABC Corporations 1-5, and JOHN DOES 1-5,<br><br>　　　　　Defendants. | CV 20–88–M–DLC<br><br><br><br><br>ORDER |

Before the Court is Defendants' Mountain West Farm Bureau Mutual Company's and Western Farm Bureau Service Company's (together, "Defendants") Motion to Compel. (Doc. 29.) For the reasons explained, the motion is granted.

## BACKGROUND

The facts of this case are more fully laid out in the Court's order ruling on Defendants' and Farm Bureau Life Insurance Company's motion to dismiss. (Doc. 19.) Suffice it to say, Plaintiff Danielle Schultz sues Defendants for breach of contract, breach of the covenant of good faith and fair dealing, and wrongful discharge. (Doc. 5.) Prior to her termination, Schultz sold insurance policies on

Defendants' behalf. (Doc. 5 at 7.) Defendants parted ways with Schultz because they were dissatisfied with her handling of their policyholders' accounts. (Doc. 5 at 7.)

The Court held a scheduling conference in this case on July 30, 2020. (Doc. 25.) On July 23, 2020, Schultz provided her initial disclosures, after which Defendants sent Schultz a first round of discovery requests. (Docs. 29-4; 29-2 at 1.) When Schultz's responses to these requests proved largely unsatisfactory to Defendants, Defendants' counsel, Ms. Brianne McClafferty, sent Schultz's counsel, Mr. Jason Williams, a letter initiating the "meet and confer" process pursuant to Rule 37. (Doc. 29-2.) Counsel for both parties met on October 22, 2020 by telephone conference to discuss the outstanding discovery requests. (Doc. 29-3 at 3.)

As a result of this conference, Mr. Williams agreed to supplement some of Defendants' discovery requests, he maintained his objection to a few, and he informed Ms. McClafferty that he would speak with his client to seek her position on a handful of others and would follow up at a later date. (*Id.* at 3–4.) Things did not go smoothly from here.

After their telephone conference, Ms. McClafferty sent Mr. Williams an email summarizing her understanding of their agreement and inviting him to correct the record in the event he disagreed. (*Id.*) Mr. Williams never responded.

Nor did he follow up with Ms. McClafferty regarding the unresolved matters. Instead, Ms. McClafferty sent him three more emails requesting the documents he had agreed to supplement and seeking Schultz's position on the remaining issues. (*Id.* at 2–3.) Finally, in response to the third email, Mr. Williams sent a few supplemental discovery responses, but he did not acknowledge his promise to clarify Schultz's position on the remaining matters. (*Id.* at 2.)

Following receipt of this new discovery, Ms. McClafferty sent Mr. Williams another email summarizing what she had received and what she was still missing. (Doc. 29-3 at 1.) Significantly, she noted that in a few instances, instead of supplementing his discovery response as he had agreed to at their conference, Mr. Williams had supplemented his *objection* to the request. (*Id.*) Ms. McClafferty did not hear back. (*Id.*) She sent one final email seeking clarification from Mr. Williams on whether he intended to provide the agreed-to discovery and clarifying which matters remained in dispute before filing a motion to compel. (*Id.*)

At the time Defendants filed their opening brief, seven requests remained in dispute. (*Id.*) Defendants did not seek a court order compelling a response to certain other requests based on Mr. Williams' assertion that responses to these were still forthcoming. Following submission of Defendants' opening brief, Mr. Williams voluntarily supplemented additional requests thus narrowing the scope of the dispute. (Doc. 31 at 2.) Now, there are now only two outstanding matters:

whether Schultz must provide a response to Interrogatory No. 19 and/or Request for Production No. 21.  (*Id.*)

Interrogatory No. 19 asks Schultz to "[i]dentify all policyholders of Mountain West which [she] serviced while acting as an agent of Mountain West to whom [she has] made a proposal for the sale of any insurance product or with whom [she has] communicated about insurance since September 12, 2019[, the date of termination]."  (Doc. 31 at 7.)

Request for Production No. 21 asks Schultz to "[p]roduce all documents relating to the Rustic Cabin Insurance, PLLC or Schultz Insurance and Financial Services, Inc., including articles of incorporation, bylaws, annual reports, financial statements, operating agreements, partnership agreements, documents relating to the purchase or sale of ownership interests or stock and tax returns."  (Doc. 29-6 at 11.)

## LEGAL STANDARD

Rule 26 broadly permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Once a party establishes that a discovery request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 559–

60 (S.D. Cal. 2019) (quoting *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009)).

## DISCUSSION

The Court will first address Schultz's preliminary argument that Defendants' motion is improper because Defense counsel failed to comply with Rule 37. (Doc. 30 at 12.) The Court will then explain why Schultz must provide responses to the two discovery requests before addressing Defendants' request for attorney fees.

### I.    Rule 37

Schultz asserts that Ms. McClafferty failed to "certify" in her motion that she had attempted to confer in good faith with Mr. Williams prior to bringing the motion. (Doc. 30 at 13.) Schultz observes that Ms. McClafferty's notes from her telephone conference with Mr. Williams are one-sided and do not "indicate an agreement between the parties." (*Id.*) Finally, Schultz appears to argue that Mr. Williams lacked sufficient time to produce the discovery responses because Ms. McClafferty waited only three days before notifying him of the motion to compel and filing it. (*Id.* at 14.)

Federal Rule of Civil Procedure 37 provides,

On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Citing a handful of nonbinding cases, Schultz asserts that Rule 37 requires a party filing a motion to compel to file a "certification document" which attests that the moving party has attempted in good faith to resolve the issues before seeking a court's involvement. (Doc. 30 at 12.) Schultz claims no such document was filed in this case. (*Id.*)

Nowhere in the text of the rule is there a requirement that the necessary "certification" be provided in a stand-alone "certification document" like Schultz suggests. In the absence of binding law, the Court declines to adopt Schultz's overly formalistic reading of Rule 37, particularly where the facts plainly indicate that Ms. McClafferty made every attempt possible to informally resolve the parties' dispute before seeking a court order, as the brief in support of her motion makes clear. (*See* Docs. 29, 29-1 to 29-6.)

Schultz's remaining arguments are not directly supportive of her assertion that counsel failed to comply with Rule 37, although they seem to raise the implication that Ms. McClafferty did not attempt to informally resolve their dispute in good faith. The Court will address these latter two arguments in greater detail in the context of determining whether fees are appropriate, except to say that any insinuation that Ms. McClafferty did not undertake the "meet and confer" process in good faith is not well taken.

## II.     Interrogatory No. 19

As outlined above, Interrogatory No. 19 seeks the identity of any of Defendants' policyholders with whom Schultz had any post-termination communication about insurance.  Defendants would apparently like to know whether Schultz maintained any relationship with Mountain West policyholders after she was terminated, whether she advised them on any insurance related matters, or whether she attempted to sell them another company's insurance for which she would presumably replace her lost commissions.

Schultz misunderstands the discovery request at issue in this motion and argues that she has fully responded to Interrogatory No. 12.  (Doc. 30 at 6.)  Nevertheless, because of the similarity between Interrogatories 12 and 19 (Interrogatory 12 also seeks the identify of policyholders with whom Schultz had post-termination communications) the Court will address her arguments as if they were raised in regard to Interrogatory 19.

Schultz first asserts that she has fully complied with the discovery request because she provided Defendants with text messages between herself and Defendants' policyholders beginning on October 2018 and going through October 2020.  (Doc. 30 at 6–7.)  To the extent the Court deems this insufficient, Schultz asserts that the motion to compel should be denied because Defendants have not

shown how post-termination communications are relevant to any claim or defense raised in this litigation. (*Id.* at 8–9.)

Defendants argue that the information it seeks is relevant in three regards. Specifically: "(1) what Schultz communicated to policyholders about her termination . . . ; (2) the service Schultz provided to these policyholders; (3) Schultz's efforts to mitigate her damages, whether those efforts were reasonable, and whether those efforts involved contacting Mountain West policyholders in violation of the Agent's Agreement's non-competition clause." (Doc. 29 at 7.)

This Court takes a broad view of relevancy for the purpose of determining whether evidence is discoverable. Under Rule 26(b)(1), evidence is discoverable so long as it is "nonprivileged" and "relevant to any party's claim or defense and proportional to the needs of the case." Fed R. Civ. P. 26(b)(1). Information is relevant when it "encompasses 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Voelker v. BNSF Railway Co.*, 2020 WL 6149553 at \*2 (D. Mont. Oct. 20, 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The Court need only address Defendants' third argument to determine that information sought in Interrogatory No. 19 is relevant and therefore discoverable. Defendants want to find out whether Schultz violated their non-compete agreement by selling or attempting to sell a different insurance policy to Mountain West

policyholders after she was terminated.  Discovering the identity of these policyholders is the first step in getting this information.  Although Defendants have not raised a counterclaim for breach of contract, this information is still relevant because it "bears on . . . an[] issue that may be [raised] in the case."  Even without amending their Answer, such information could be valuable in settlement negotiations.  Alternatively, if Defendants learned that Schultz had violated a non-compete clause, this information is relevant to a potential basis on which to defend against Schultz's suit.

The Court does not agree that Schultz has fully responded to this matter by submitting text messages exchanged with Mountain West policyholders from October 2018 to October 2020.  As a starting point, Interrogatory 19 asks Schultz to "identify the policyholders" of Defendants with whom she communicated about insurance after her termination.  It does not ask for the precise contents of those communications.  Although text messages between Schultz and various policyholders would presumably "identify" the policyholder at issue—assuming their full name and contact information were entered correctly into her phone—it does not necessarily identify every policyholder with whom she may have spoken.  Schultz may have communicated with other policyholders by email, snail mail, phone call, in person, via social media, or any other conceivable form of

communication. Thus, Schultz's assertion that she provided "more than what was requested in the Interrogatory" reads as willful obstinance. (Doc. 30 at 8.)

Schultz is required to fully respond to Interrogatory 19 by February 10, 2020.

### III. Request for Production No. 21

Defendants seek documents related to Rustin Cabin Insurance, LLC and Schultz Insurance and Financial Services, Inc.—both of which are companies started by Schultz. (Doc. 29 at 12.) Schultz elected not to dispute the relevance of this request in her response brief and has therefore waived any argument to oppose this request. *United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc). Accordingly, Schultz is required to fully respond to Request for Production 21 by February 10, 2020.[1]

---

[1] Defendants' reply brief asserts that Schultz still has not responded to Interrogatories 2 and 3, and Requests for Production 1, 4, 5, 12, 13, 14, 17, 22, 24, 26, 27, 30, 31, and 32. (Doc. 31 at 2.) These discovery requests are not at issue in this motion because, at the time Defendants' submitted their opening brief, counsel was under the impression that Schultz would be supplementing her responses to these matters in short order. Apparently, Schultz still has not provided satisfactory responses. For the purposes of this motion, Defendants have waived any argument that the Court should compel Schultz to respond by failing to argue the issue in its opening brief. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). However, the Court warns Mr. Williams that it will not look favorably on a second motion to compel should one become necessary and strongly encourages him to participate in the informal resolution of these outstanding discovery issues, or better yet, simply respond.

## IV. Fees

Finally, Defendants ask the Court to award sanctions to compensate for the fees incurred in bringing this motion. (Doc. 29.) The Court does not find that the discovery delays at issue here warrant sanctions. Nevertheless, the Court considers whether an award of fees is appropriate pursuant to its Scheduling Order and Rule 37. (Doc. 25 at 6 ("Prior to filing a motion to compel discovery, counsel must advise the client that the loser will pay the opposing party's associated fees and costs.")).

Under Rule 37, the Court may award attorney's fees to the prevailing party of a motion to compel unless it determines: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a) (a)(5)(A). As an initial matter, the Court has already determined that Ms. McClafferty attempted in good faith to resolve the parties' disagreements without court action. Although Schultz does not directly address Defendants' request for fees, the Court construes her arguments concerning Defendants' compliance with Rule 37 as relevant to this issue.

First, Schultz argues that Ms. McClafferty's notes from their telephone conference are one-sided and fail to accurately capture their agreement. This argument perhaps bears on whether Mr. Williams actually agreed to respond to additional discovery requests not at issue in this motion. *See supra* n.1. But it does not undermine the Court's impression that a motion to compel was necessary to motivate Mr. Williams to respond to Defendants' discovery requests. Moreover, if Mr. Williams did not believe that Ms. McClafferty's notes summarizing their October 22, 2020 conversation were accurate, he ought to have set the record straight by responding to her email—which expressly encouraged him to do so. Reviewing the attorneys' correspondence in this case, it is clear that Ms. McClafferty continually sought to informally resolve their disagreement regarding the scope of discovery and that Mr. Williams repeatedly ignored her e-mails. This negates the Court's impression that the award of fees would be unjust.

Alternatively, Schultz argues that Ms. McClafferty did not give Mr. Williams sufficient time to respond to her requests before filing Defendants' motion. This argument is not well-taken. Ms. McClafferty initiated the "meet and confer" process on October 16, 2020 when she sent Mr. Williams a detailed letter outlining her objections to his discovery responses and requesting a conference to discuss these issues directly. (Doc. 29-2.) In this letter she indicated that it was her hope "that this letter and our follow up phone conference eliminate the need for

court involvement to resolve the below discovery issues." (Doc. 29-2 at 1.) She then followed up with Mr. Williams six times attempting to resolve the outstanding matters, to which he was largely unresponsive. (*See* Doc. 29-3.) By the time Ms. McClafferty informed counsel on November 6, 2020 that a motion to compel was forthcoming, Mr. Williams had been on-notice of this possibility for over three weeks. Still, she waited three additional days before filing the motion to allow him one last opportunity to provide her with the missing information or communicate about a timeline for doing so. Mr. Williams chose not to respond. The Court does not agree that he lacked sufficient time for a response. Having found no reason why fees are not appropriate in this case, the Court will award Defendants' request for fees incurred in bringing this motion.[2]

IT IS ORDERED that the Motion (Doc. 28) is GRANTED. Schultz must respond to Interrogatory No. 19 and Request for Production No. 21 on or before February 10, 2021.

IT IS FURTHER ORDERED that Defendants are awarded attorney fees in bringing this motion. The Court will determine the appropriate amount by separate order upon receipt of Defendants' forthcoming affidavit.

---

[2] Pursuant to the Court's Scheduling Order, a party requesting fees must "file an affidavit with the Court detailing their known fees and costs associated with the motion" at the time it is fully briefed. (Doc. 25 at 6.) The Court will allow Ms. McClafferty until February 10, 2020 to do so. The Court will not take any additional briefing on this matter but will enter an award of fees upon review of counsel's affidavit.

DATED this 1st day of February, 2021.

_____
Dana L. Christensen, District Judge
United States District Court